IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

TERRY W. KENNER

      Case No.  04-32959

      Debtor

PIONEER CREDIT COMPANY

      Plaintiff

   v.      Adv. Proc. No. 04-3231

TERRY W. KENNER

      Defendant

**MEMORANDUM ON DEFENDANT'S
 MOTION TO DISMISS COMPLAINT**

**APPEARANCES:**  WADE M. BOSWELL, ESQ.
    Post Office Box 221
    Knoxville, Tennessee  37901
    Attorney for the Defendant/Debtor

    BYRON D. BRYANT, ESQ.
    4615 Mill Branch Lane
    Knoxville, Tennessee  37938
    Attorney for Plaintiff

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Objecting to Dischargeability of a Debt (Complaint) filed by the Plaintiff, Pioneer Credit Company, on September 13, 2004, asking the court for a determination that a debt owed it by the Defendant/Debtor is nondischargeable under 11 U.S.C.A. § 523(a)(2)(A) or (B) (West 2004) or pursuant to 11 U.S.C.A. § 523(a)(4) (West 2004). On June 9, 2005, the Defendant filed the Motion by Defendant, Terry W. Kenner[,] to Dismiss Complaint (Motion to Dismiss), arguing that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Plaintiff did not file a response to the Motion to Dismiss within twenty days, as prescribed by E.D. Tenn. LBR 7007-1, which states that the failure to file a response "shall be construed by the court to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1. As such, the court presumes that the Plaintiff does not oppose the Motion to Dismiss and will rule without a hearing.

I

The Defendant filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on June 3, 2004, and the Plaintiff timely filed its Complaint seeking a determination of nondischargeability. The Plaintiff avers in the Complaint that in December 1986, the Defendant entered into an Agreement wherein he agreed to pay $101,361.19 due on recourse contracts at a rate of $400.00 per month. The Complaint also alleges that the Defendant assigned his interest in a used car business known as Sporty Cars, Inc., as security for the Agreement, but that when the Plaintiff tried to obtain the assets of the business through a lawsuit filed in the Chancery Court for Knox County, Tennessee, it was determined that the Defendant had previously transferred his interest in the business to Paul Reeves in 1986, and that the state court lawsuit was thereafter dismissed. Accordingly, the Plaintiff seeks a judgment against

2

the Defendant for the remaining balance under the Agreement in the amount of $73,814.42, as well as a determination that the judgment is nondischargeable.

## II

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b)). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). All factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)). When considering a motion under Rule 12(b)(6), the court should not rely upon any documents other than the pleadings and their exhibits. *Stangel v. I.R.S. (In re Stangel)*, 222 B.R. 289, 291 (Bankr. N.D. Tex. 1998).

The Plaintiff cites § 523(a)(2)(A) and/or (B) and (4) as the statutory basis for its request for a determination of nondischargeability. The party seeking a determination of nondischargeability bears the burden of proving all elements by a preponderance of the evidence. *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991). Moreover, § 523(a) is construed strictly against the Plaintiff and liberally in favor of the

Debtor. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003).

## A

Subsection (a)(2) of § 523 allows for the nondischargeability of debts incurred through fraudulent means, predicated upon either material misrepresentations or false financial documents, the two being mutually exclusive. *See* 11 U.S.C.A. § 523(a)(2); *Copeland*, 291 B.R. at 759.[1] To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Defendant obtained value through material misrepresentations that he knew were false or that he made with gross recklessness, that the Defendant intended to deceive the Plaintiff, that the Plaintiff justifiably relied on the Defendant's false representations, and that the Plaintiff's reliance was the proximate cause of his losses. *See Copeland*, 291 B.R. at 760 (citing *Rembert*, 141 F.3d at 280). A determination of nondischargeability under § 523(a)(2)(B) requires proof that the Plaintiff reasonably relied upon false financial documents concerning the Defendant or an insider, which were provided to the Plaintiff by the Defendant, who intended to deceive the Plaintiff. *Copeland*, 291 B.R. at 780 (quoting 4 COLLIER ON BANKRUPTCY ¶ 523.08[2] (Lawrence P. King ed., 15th ed. rev. 2002)).

Here, the Complaint does not contain sufficient factual allegations to support a finding under either of these subsections. It alleges that the Defendant assigned his interest in a used car business to secure payment under the Agreement; however, when the Plaintiff attempted to obtain the assets, they had been previously transferred to a third party, and the Plaintiff's lawsuit in the Chancery Court for Knox County, Tennessee, was dismissed. Attached to the Complaint are the Agreement and the

---

[1] Even though the subsections are mutually exclusive, a plaintiff is not precluded from arguing both subsections if the facts so dictate.

Judgment entered on July 13, 1998, dismissing the Plaintiff's state court lawsuit and finding that the Defendant had transferred his interest in Sporty Cars, Inc., to Paul Reeves in September 1986, prior to making the Agreement with the Plaintiff.

With respect to § 523(a)(2)(B), the Agreement is not a financial document for the purposes of that subsection, which instead encompasses documents containing materially false statements offering "a substantially untruthful picture" of the Debtor's financial condition that significantly affected the Plaintiff's decision to make the loans. *Copeland*, 291 B.R. at 782-83 (holding that the writing presented to the creditor must make representations regarding the Debtor's financial condition and includes income statements and paycheck stubs, anything that indicates the Debtor's "overall financial health"); *Insouth Bank v. Michael (In re Michael)*, 265 B.R. 593, 598 (Bankr. W.D. Tenn. 2001).

With respect to subsection (A), the Complaint does not expressly allege that the Defendant made any false or misleading representations to the Plaintiff; however, the court can easily infer that the Plaintiff's allegations concerning the Defendant's purported assignment of assets that he did not own fall within that element of § 523(a)(2)(A). Nevertheless, the Complaint does not state any facts to support allegations that the Defendant fraudulently made representations which induced the Plaintiff to enter into the Agreement, and it offers nothing with respect to a basis for the Plaintiff's reliance upon representations or documents presented by the Defendant.

The Agreement, which forms the basis for the debt owed to the Plaintiff, provides that the Defendant "is indebted to [the Plaintiff] in the approximate amount of $101,361.19 on recourse contracts that are currently due in full." With respect to the assets of Sporty Cars, Inc., the Agreement states only that the Defendant "has previously assigned certain stock and accounts receivable which will also be credited as amounts are collected under this Agreement." The Agreement does not, however,

Main Document      Page 6 of 7

expressly provide that these corporate interests were collateral for repayment, and in fact, the name of the business is not referenced anywhere in the Agreement.

Taking the Complaint in a light most favorable to the Plaintiff, the court finds that it has not pled sufficient factual allegations to support a finding under either § 523(a)(2)(A) or (B).

**B**

The next basis for relief relied upon by the Plaintiff in the Complaint is § 523(a)(4), which allows a debt obtained by embezzlement, larceny, or through fraud or defalcation while acting in a fiduciary capacity to be nondischargeable. *See* 11 U.S.C.A. § 523(a)(4). For the purposes of § 523(a)(4), embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). Larceny under § 523(a)(4) is proved if the debtor wrongfully and with fraudulent intent takes property from its rightful owner, *see Great Am. Ins. Co. v. O'Brien (In re O'Brien)*, 154 B.R. 480, 483 (Bankr. W.D. Tenn. 1993) (citing *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991)), and differs from embezzlement because the embezzler's initial acquisition of the property at issue is lawful. *Aristocrat Lakewood Nursing Home v. Dryja (In re Dryja)*, 259 B.R. 629, 632 (Bankr. N.D. Ohio 2001). Defalcation under § 523(a)(4) requires proof of: "1) a fiduciary relationship; 2) breach of that fiduciary relationship; and 3) a resulting loss." *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178 (6th Cir. 1997). Additionally, in order to prove a fiduciary relationship, "the debtor must hold funds in trust for a third party." *Garver*, 116 F.3d at 179. Accordingly, "the defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *Garver*, 116 F.3d at 180.

Like subsection (a)(2), subsection (a)(4) is based upon fraudulent actions taken by a debtor. Once again, the court finds the Complaint does not state sufficient facts to state a claim upon which relief may be granted. None of the averments in the Complaint may be construed as invoking § 523(a)(4), the Complaint makes no averments concerning the Defendant's fraudulent intent, and as previously stated, the Agreement itself does not expressly state that the assignment of assets in Sporty Cars, Inc., shall serve as collateral for repayment thereof. As such, none of the elements of § 523(a)(4) can be proved based upon the allegations contained in the Complaint or the documents attached thereto. Taking the Complaint in a light most favorable to the Plaintiff, the court finds that it does not state a claim upon which relief may be granted pursuant to § 523(a)(4).

IV

In summary, the court finds that the Complaint filed by the Plaintiff on September 13, 2004, fails to sufficiently state facts upon which relief may be granted as requested under § 523(a)(2) and/or (4). Accordingly, the Motion to Dismiss shall be granted, and the Plaintiff's Complaint shall be dismissed.

An order consistent with this Memorandum will be entered.

FILED: July 8, 2005

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE